RONALD HAZZARD, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 192, 2009.
Supreme Court of Delaware.
Submitted: August 24, 2009.
Decided: November 2, 2009.
Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

ORDER
RANDY J. HOLLAND, Justice
This 2nd of November 2009, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) In January 2009, a Superior Court jury convicted the appellant, Ronald Hazzard, of Driving Under the Influence, Driving with a Suspended License, and Failure to Provide Proof of Insurance. In April 2009, the Superior Court sentenced Hazzard to five years at Level V incarceration, suspended after six months, for decreasing levels of supervision. This is Hazzard's direct appeal.
(2) On appeal, Hazzard's appellate defense counsel ("Counsel") has filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c) ("Rule 26(c)").[1] The standard and scope of review of a motion to withdraw and an accompanying brief under Rule 26(c) is two-fold. First, the Court must be satisfied that Counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal.[2] Second, the Court must conduct its own review of the record and determine whether the appeal is so devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]
(3) Counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. Counsel states that he provided Hazzard with a copy of the motion to withdraw, the accompanying brief and appendix and advised Hazzard that he had a right to supplement Counsel's presentation. Hazzard responded with a written submission for this Court's consideration. The State has responded to Hazzard's submission as well as the position taken by Counsel and has moved to affirm the Superior Court's judgment.
(4) In his written submission, Hazzard contends that his trial counsel provided ineffective representation in several respects. The Court has not considered Hazzard's allegations. It is well-settled that the Court does not consider a claim of ineffective assistance of counsel that is raised for the first time on direct appeal, as it is here.[4]
(5) The Court has reviewed the record carefully and has concluded that Hazzard's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Hazzard could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] Hazzard was represented by different counsel at trial.
[2] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[3] Id.
[4] "This Court has consistently held it will not consider a claim of ineffective assistance of counsel on direct appeal if that issue has not been decided on the merits in the trial court." Desmond v. State, 654 A.2d 821, 829 (Del. 1994).